UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>　v.<br><br>JOSE LUIS CHAVEZ,<br><br>　　　　　　Movant. | No.  2:13-cr-0028 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He was convicted by guilty plea of illegally re-entering the United States after previously being deported in violation of 8 U.S.C. § 1326(a) and (b)(2). Based on the agreed upon terms in his plea agreement, movant was sentenced to 51 months in the custody of the U.S. Bureau of Prisons.

　　　　As part of that plea agreement movant also agreed to waive his right to appeal or to collaterally attack his conviction and sentence.  More importantly for purposes of the § 2255 motion now pending before the court, in that plea agreement movant expressly waived his right to file a motion for federal habeas relief under 28 U.S.C. § 2255.  Upon careful consideration of the record and the applicable law, the undersigned finds that movant's waiver of his right to appeal or collaterally attack his conviction and sentence was voluntary and intelligent.  Accordingly, the

////

1

1  undersigned recommends granting respondent's motion to dismiss the § 2255 motion without a
2  hearing.
3  I.      Factual and Procedural History
4       Jose Luis Chavez, movant herein, pleaded guilty to a superseding information charging
5  him with illegal re-entry following his deportation based on a negotiated plea agreement pursuant
6  to the Fast-Track Immigration Prosecution Program.  See ECF No. 21 at 2.[1]  Based on the terms
7  of the plea agreement, respondent would recommend a low-end sentence of 51 months in
8  exchange for movant's guilty plea and waiver of his right to file a direct appeal or collateral
9  attack on his conviction or sentence.  See ECF No. 21-1 (plea agreement).
10      On March 14, 2013, the district court found that movant knowingly and voluntarily
11 pleaded guilty to the offense and that his waiver of rights, including the right to appeal or
12 collaterally attack his conviction and sentence was also knowingly and voluntarily made.  See
13 ECF No. 21-1 at 23, 25, 27 (plea colloquy).  Movant was sentenced on the same date to the 51
14 month term stipulated to in the plea agreement.  See ECF No. 21-1 at 4-7 (Judgment and
15 Commitment Order).
16      On April 25, 2013, movant filed a "motion for time reduction" pursuant to 28 U.S.C. §
17 2255.  ECF No. 12.  In it he requested a two point downward departure in the Sentencing
18 Guidelines and his resulting sentence based on his inability to be housed in a Community
19 Correctional Center due to his status as a deportable alien.  Id. at 1.  Additionally, movant
20 asserted that his rights to due process and equal protection were violated based on his inability to
21 receive a one year or three month sentence reduction by participating in the Bureau of Prisons'
22 residential drug treatment program or halfway house program based on his alienage.  Id. at 2.
23      After being ordered to file an answer to the § 2255 motion, respondent filed a motion to
24 dismiss asserting that movant waived his right to file the pending motion based on the terms of
25 his plea agreement.  ECF NO. 21 at 1.  Because the undersigned agrees, the court will not address
26
27 [1] The pagination referenced herein is to the court's electronic copy of the parties pleadings
   available on the court's CMECF website.
28

the additional arguments raised in respondent's motion to dismiss.[2]

II.     Legal Standard

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

At issue in the present case is the enforceability of the collateral attack waiver contained in movant's plea agreement.  "A defendant's waiver of his appellate rights is enforceable if ... the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947 (9th Cir. 2007 (en banc).  The Ninth Circuit Court of Appeals has found collateral attack waivers equally enforceable because a § 2255 motion is a statutory right and "[a] knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

III.    Analysis

As noted above, in his plea agreement movant voluntarily and expressly waived his right

---

[2] Respondent further contends that the claims raised in the motion are procedurally defaulted because they could have been, but were not, raised on direct appeal. ECF No. 21 at 1.  In the alternative, respondent requests that the claims for relief be denied on the merits. Id.

to file a § 2255 motion. ECF No. 21-1 at 44. "Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." Id. In his reply to respondent's motion to dismiss, movant concedes that this waiver bars his § 2255 motion. ECF No. 26 at 2. Moreover, movant does not challenge the voluntariness of his plea or the waiver in his plea agreement of his right to seek relief under § 2255 motion. Instead, movant merely requests a reduction in his agreed upon sentence.

Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). Here, the language of the waiver encompasses movant's right to file a § 2255 motion challenging his sentence. In his plea agreement, movant agreed not to contest his sentence in any post-conviction proceeding including a § 2255 motion or a § 2241 petition. Therefore, the undersigned finds that the claims raised in the § 2255 motion fall within the scope of the waiver.

Moreover, movant's statements made under oath during the plea colloquy are entitled to a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant [at a plea hearing] ... constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir.1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of

4

verity." (internal quotation marks and brackets omitted)).  Here, movant provides no reason for this court to doubt the truthfulness of his sworn statements that he understood the rights he was giving up and that he was doing so freely and voluntarily.  ECF No. 21-1 at 23-25.  Movant presents no new facts that would cast doubt on the voluntariness of his waiver.  Therefore, the undersigned finds that the waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy.

IV.     Conclusion

Based on the court's review of the motion as well as the files and records of this case, the undersigned finds that movant's collateral attack waiver in his plea agreement is enforceable.  Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss be granted;

2. Movant's motion pursuant to 28 U.S.C. § 2255 (ECF No. 12) be denied; and,

3. The companion civil case of 2:13-cv-00825-MCE-AC-P  be closed by the clerk of court.

V.     Certificate of Appealability

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

1  McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed
2  within fourteen days after service of the objections.  The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: May 21, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE