UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cv-00028-MCE-AC |
| Respondent, | |
| v. | **ORDER** |
| JOSE LUIS CHAVEZ, | |
| Movant. | |

By Order filed June 24, 2014 (ECF No. 30), this Court adopted the findings and recommendations of the assigned magistrate judge and dismissed Movant Jose Luis Chavez's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on the grounds that Movant, as part of his plea agreement, agreed to waive his right to appeal or to collaterally attack his conviction and sentence.  In granting the government's motion to dismiss, the Court found that Movant's waiver of his appellate rights was knowingly and voluntarily made, and therefore precluded him from bringing the § 2255 motion.  In his objections to the findings and recommendations, Movant conceded that he waived any right to attack his plea arrangement with the government. ECF No. 28:1:23-24.

Movant has now filed a "Petition for Reconsideration" asking the Court to revisit its prior ruling.  ECF No. 31.  Movant continues to request that his prison sentence be

1

reduced from 51 months despite the multi-level downward departure he already received, under the Fast-Track Immigration Prosecution Program, as part of his underlying plea agreement.

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). Reconsideration may be appropriate if the district court 1) is presented with newly discovered evidence; 2) has committed clear error or issued an initial decision that was manifestly unjust; or 3) is presented with an intervening change in controlling law. School Dist. No. 1J, Multnomah County, Or. v. ACandS., Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Eastern District Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Movant here offers no new evidence, cites no authority not already considered in the original briefing, and offers no argument that the applicable law enforcing § 2255 waivers has changed. Instead, Movant merely reiterates his previous argument and simply wants the Court to again revisit its prior ruling and resentence him to a shorter prison term because of changed family circumstances. That challenge cannot be made in the context of a § 2255 motion under the circumstances of this case, and Movant's Petition for Reconsideration (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT